10 So.2d 825

**STEVENSON et al. v. KING.**

**2 Div. 185.**

Supreme Court of Alabama.

Nov. 12, 1942.

Rehearing Denied Dec. 22, 1942.

Keith & Wilkinson, of Selma, for appellants.

Harry W. Gamble, of Selma, for appellee.

BOULDIN, Justice.

Appellee filed a bill against appellants to enforce a statutory right of redemption to real estate sold under mortgage by virtue of the power of sale therein. The appeal is from a final decree granting relief to complainant. The main questions presented on this appeal grow out of permanent improvements made on the property by the respondents after their purchase of the same and prior to the offer to redeem.

The redemptioner made written demand upon the respondents for a written itemized statement of the debt and lawful charges claimed, as per § 731, Tit. 7, Code 1940. A statement was furnished including the amount claimed by respondents for permanent improvements. Complainant, disagreeing thereto, appointed a referee to ascertain the value of the permanent improvements and in writing notified respondents of her disagreement and the fact and name of the referee appointed by the redemptioner. Respondents responded by appointing a referee and the two failing to agree, the preponderance of testimony tended to show that said referees thereupon appointed an umpire, while respondents' referee denied his agreement upon the umpire named. Thereupon the referee for complainant and the umpire, after giving notice to the other referee, proceeded to make an award ascertaining and fixing the value of the permanent improvements. The trial court fixed the amount for redemption on the basis of this award.

Appellants challenge the entire statutory scheme for compulsory arbitration as set out in §§ 740, 741, Tit. 7, Code 1940, upon the ground that the Legislature is without power to impose compulsory arbitration, that the same is an invasion of the field of judicial power, deprives the parties of due processes of law and of the right of trial by jury, etc. Among the grounds upon which this contention is based is § 84 of the Constitution of 1901, which reads: "It shall be the duty of the legislature to pass such laws as may be necessary and proper to decide differences by arbitrators to be appointed by the parties who may choose that mode of adjustment."

This article has been in the Constitution from the first. See Skinner's Constitution.

It existed before we ever had any statutory right of redemption. Very clearly it is a directory provision looking to the adjustment of differences out of court by arbitration statutes such as are now embodied in the Code. § 829 et seq., Tit. 7, Code 1940.

The other grounds insisted upon misconceive the nature and origin of the statutory right of redemption. By the statute itself it is a mere personal privilege and not a property right. It must be exercised by the person and in the mode and manner prescribed by the statute. § 743, Tit. 7, Code 1940. No such right existed in common law. It was entirely within the competency of the Legislature to determine the conditions upon which the right could be granted. The right of trial by jury, according to the forms of the common law, does not include newly created rights to be effectuated by statutory proceedings. See Skinner's Constitution, Art. 17, § 11, and annotations thereto. Rodgers v. Stahmer, 235 Ala. 332, 179 So. 229; Estes v. Johnson, 234 Ala. 191, 174 So. 632; Cowley v. Shields, 180 Ala. 48, 60 So. 267.

The point is further made that the appointment of the umpire was not in writing and for that reason the entire arbitration and award were void. The statutes are entirely silent on this question. Section 740 requires the redemptioner to notify the holder of the legal title in writing of the disagreement upon value of improvements and of the fact and the name of

the referee appointed by him. From there on, there is no requirement in the statute that the appointment of the other referee shall be in writing, that in case of disagreement of the referees the appointment of the umpire should be in writing, nor indeed that the award of the arbitrators should be in writing. It appears from this record that all of these matters were in writing except the appointment of the umpire, and the question of his appointment was in dispute. This arbitration statute touching permanent improvements dates back to the Code of 1852, §§ 2126 and 2127. These sections are quite brief. They make no reference to writing in any part of the proceedings.

Impliedly, we conclude the arbitration contemplated was to be governed by the common law applicable to such proceedings.

By the common law there was no requirement of the submission, appointment of arbitrators, or their award to be in writing unless the subject matter of the award dealt with the title of real estate governed by the statute of frauds. Walden v. McKinnon, 157 Ala. 291, 47 So. 874, 22 L.R.A.,N.S., 716; Tabor v. Craft, 217 Ala. 276, 116 So. 132.

Nothing in the statute requires the preservation of any writings as evidence of the arbitration proceedings. Numerous conditions may arise in which parol testimony may enter into the inquiry, as appears in the case of Smith v. Jack, 209 Ala. 520, 96 So. 419, wherein much parol evidence went to the question of revoking the appointment of a referee. Probably if framed anew in this day, our statutes would be much more elaborate, but it appears that proceedings between laymen in the course of business transactions were to be rather simple, designed to avoid controversy in the courts on the one question of the value of improvements. Cramer & Cohen v. Watson, 73 Ala. 127; Cummings v. Vann, 215 Ala. 488, 111 So. 229. We are of the opinion that we cannot write into the statute any requirements of writings that are not specified therein.

The contention that this arbitration concerns the title to real estate and is subject to the statute of frauds is untenable. As stated, the arbitrators are not considering anything about title nor reporting anything about it. So far as their award is concerned, it does not touch the title. It merely ascertains one item of lawful charges payable, if and when the redemptioner elects to re-purchase the land on a price basis determined by the award. § 3, subd. 5, Tit. 20, Code of 1940.

It appears that the mortgagor died before foreclosure, leaving surviving two children, namely, this complainant, Marie Louise King, and Margaret Williams. On the foreclosure of the mortgage, Margaret Williams and her husband, Robert Williams, became the purchasers of the lands. The present respondents hold by mesne conveyance through said purchasers, pending the statutory right of redemption. In this situation, appellants claim they are entitled to hold the one-half interest in the lands conveyed by Margaret Williams, and that the sister, Mary Louise King, can only redeem an undivided one-half interest in the property.

This situation did not deprive complainant, as the child of the mortgagor, of her right of redemption under the statute. This right of redemption applies to the entire title held by the respondents through the mortgage foreclosure sale. Malone v. Nelson, 232 Ala. 243, 167 So. 714. The decree of the court properly awarded to complainant the right to redeem the whole.

We conclude that the decree of the court below is due to be and is hereby affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.