292 So.2d 651

**Jeri Lynn GILBREATH, a minor By and Through her guardian ad litem, W. W. Watson and L. O. Gilbreath**

**v.**

**Ruth WALLACE.**

**SC 456.**

Supreme Court of Alabama.

April 4, 1974.

W. W. Watson, guardian ad litem of Jeri Lynn Gilbreath, and Beck & Beck, Fort Payne, for appellants.

268

Traylor, Baker & Cole, Fort Payne, for appellee.

JONES, Justice.

The ultimate question for decision on this appeal is whether Act No. 1734, Acts of Alabama, Regular Session, 1971, as amended by Act No. 189, 3rd Special Session, 1971, providing for a 6-member jury in the DeKalb County Court, is constitutional as applied to the trial of a will contest. Stated otherwise, did the trial judge of the DeKalb County Court rule correctly in denying the appellants' (contestants below) motion for a 12-member jury and in overruling the objection to a 6-member jury in the context here applicable? We answer "No" to the question as alternatively posed, and we reverse and remand.

Appellee, Ruth Wallace, a niece-in-law of testator, as sole beneficiary, filed for probate the purported Last Will and Testament of Marcus D. Gilbreath, a widower with no children. Appellant, L. O. Gilbreath, a brother of testator, filed a contest of the offered will, claiming lack of testamentary capacity and undue influence. A guardian ad litem was appointed for a minor heir who joined in this contest. The Probate Court transferred the proceeding to the County Court. Over the contestants' objection, the case was tried to a struck jury of six members as provided by the Act in question. The proponent of the will prevailed. Hence this appeal.

It should be noted that the DeKalb County Court, created by Act No. 418, Acts of Alabama, Regular Session, 1961, is a court of general jurisdiction. In civil cases it has all the powers of a circuit court, except equitable jurisdiction. Will contests are removed to the county court

prior to probate. Prior to the passage of Act No. 1734, jury trials in the DeKalb County Court consisted of 12-member juries just as in the circuit court. The right of appeal from the DeKalb County Court is directly to the appropriate appellate court rather than to the circuit court.

Act No. 1734, Acts of Alabama Regular Session, 1971, as amended by Act No. 189, 3rd Special Session, 1971, provides in pertinent part as follows:

"Section 1. The trial of all civil and criminal cases in the DeKalb County Court which according to law are triable by jury shall be tried by a jury composed of six members to be drawn, summoned, selected, and empaneled as provided in Code of Alabama 1940, Title 30, except that the list from which any six-man jury is to be struck may consist of a minimum of 12 jurors instead of the minimum number prescribed by [law]."

■■ It is well settled that the legislature may confer the right of trial by jury in actions in which the right did not previously exist. See Stevenson v. King, 243 Ala. 551, 10 So.2d 825 (1942). Having conferred such a right, the legislature has the power to abolish that right. It therefore follows that the legislature might also constitutionally limit or abridge that right. Hence, in Alabama, if the right of trial by jury in a will contest exists solely by legislative grace, then Act No. 1734, which affords the parties a 6-man jury, would be clearly constitutional in this context. On the other hand, if the right to a trial by jury in a will contest is a right secured by the Alabama Constitution, then the legislature may not abridge or limit the *substance* of that right. Thus is raised the first question which must be resolved on this appeal: Does there exist under the Alabama Constitution of 1901, the right of trial by jury in a will contest?

The right of trial by jury in civil cases is protected in the federal courts by the Constitution of the United States and in our state courts by Section 11 of the Alabama Constitution of 1901, which provides: "That the right of trial by jury shall remain inviolate."

Unlike the Federal Constitution which preserves the right to jury trial as of 1791,[1] Alabama's Constitution effected a "freezing" of the right to jury trial as of 1901. Section 11 did not extend the right to cases in which it did not exist at that time. Miller v. Gaston, 212 Ala. 519, 103 So. 541 (1925); In re One Chevrolet Automobile, 205 Ala. 337, 87 So. 592 (1921); Alford v. State, ex rel. Attorney General, 170 Ala. 178, 54 So. 213 (1910). See also Thomas v. Bibb, 44 Ala. 721 (1870); Tims v. State, 26 Ala. 165 (1855), and Boring v. Williams, 17 Ala. 510 (1850).

The correctness of these general principles cannot be disputed. However, as is often the case, generality leads to oversimplification. In several of our later decisions, it was held that the constitutional guaranty of trial by jury does not extend to causes unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution. See, e.g., Porter v. Alabama Farm Bureau Mutual Cas. Ins. Co., 279 Ala. 499, 187 So.2d 254 (1966); City of Mobile v. Gulf Development Co., 277 Ala. 431, 171 So.2d 247 (1965); Miller v. Gaston, supra.

This proposition lends itself to two possible interpretations. One construction is that the constitutional guaranty of trial by jury extends *only* to common law causes of action existing at the time of adoption of the 1901 Constitution, i.e., that the guaranty does *not* extend to statutory law existing at that time. The other construction is that the guaranty of trial by jury extends only to causes existing either at common law or under statutory law at the time of the adoption of the 1901 Constitution. The courts of the several states are divided on this question, some having adopted the former interpretation and some, including

1. The date the Seventh Amendment was adopted.

Alabama, being committed to the latter. In one of our older cases. Tims v. State, supra, the principle is stated:

> "But it also urged, that the act is in conflict with the twenty-eighth section of the bill of rights, which declares 'that the trial by jury shall remain inviolate.' In relation to this position, it is only necessary to observe, that it was not intended by this clause of the constitution to extend the right of jury trial to cases which were unknown either to the common or statute law, at the time of the adoption of that instrument."

In Alford v. State, supra, the court quoted from Tims v. State, supra, and set forth the principle as it applies to both civil and criminal cases:

> "The right [trial by jury] is confined to those classes of cases in which the right existed at common law, or in which it was used at the time of the adoption of the Constitution. Where there have been several Constitutions, the right is in reference to its existence at the time of the adoption of the last one."

Accordingly, the question here posed may be restated as follows: Did the right of trial by jury in a will contest case exist in Alabama as a matter of right at the time of the adoption of our first constitution in 1819, or (to come within the latter portion of the above principle) did such right exist by way of statute at the time of adoption of the 1901 Constitution?[2]

■ Applying the above principles to the instant case, it is clear that the right to trial by jury in will contest falls within the protection of Section 11 of the 1901 Constitution. The appellant, the heir at law of the deceased, exercised his election to contest the validity of the purported will prior to probate. The applicable statute, Tit. 61,

§ 52, Code of Alabama 1940, as amended, in mandatory language, gives the right to either party to demand a jury trial.

This code provision has appeared virtually unchanged in every Alabama Code since 1852 and in the statutory compilation prior to that time. (A very similar statute first became part of our law in 1821 and was added to in 1833.) Code af Alabama, Tit. 61, § 52, 1940 (Recomp.1958); Code of Alabama, § 10625 (1928); Code of Alabama, § 10625 (1923); Code of Alabama, § 6196 (1907); Code of Alabama, § 4287 (1897); Code of Alabama, § 1989 (1886); Code of Alabama § 2317 (1876); Code of Alabama, § 1953 (1867); Code of Alabama, § 1634 (1852); Clay's Alabama Digest 304, § 35 and 363, § 6 (1843); Aikin's Alabama Digest 251, § 30 and 299, § 28 (1833). Therefore, Section 11 of the Alabama Constitution of 1901 must be considered as perpetuating, inviolate, the right to trial by jury in a will contest.

Appellee argues, however, that an action to contest the validity of a will is a proceeding sui generis, unknown to the common law, and thus no constitutional right to a jury trial exists. Our answer to this contention requires a brief review of the origin and history of will contests.

In the common law of England there was no probate court. Bequests and legacies were handled by the ecclesiastical court and devises by the law court. At law, the heir of a testator could never be deprived of his inheritance without the intervention of a jury to try the issue of *devisavit vel non* (literal translation: will or no will—is the paper purporting to divest the heir of his inheritance the true last will of the deceased, legally executed by him while competent and without the interposition of undue influence?). Somewhat later, wills were submitted to the conscience

---

2. In the interest of clarity, it should be noted that we have not overlooked our decisions of Ex parte Thompson (disbarment proceedings), 228 Ala. 113, 158 So. 229 (1933) and Smith v. Smith (insanity inquisition), 254 Ala. 404,

48 So.2d 546 (1950). Suffice it to say that the denial of trial by jury in the former case and a restriction of that right (jury of six) in the latter have long been recognized as exceptions to the general rule.

of the Chancellor. When the question of the validity of a will arose in Chancery, the heir-at-law was entitled to have the issue of *devisavit vel non* "made up" and sent out of that court to a court of law and submitted to a jury. See Bennet v. Vade, 2 Atk. 324, 26 Eng. Reprint 597 (1742), and Webb v. Cloverden, 2 Atk. 424, 26 Eng. Reprint 656 (1742). This right was recognized in one of our early decisions, Kennedy's Heirs and Executors v. Kennedy's Heirs, 2 Ala. 571, 625 (1841), where it was stated:

"It may be regarded a settled practice of equity, to direct an issue of law, where a question arises upon the validity of a will, and it would be irregular for the Court to render a decree against the heir until the validity of the devise had been found by a jury."

Prior to 1821 (the year of the legislative enactment conferring the right to contest wills in the probate court), Alabama was governed by a statute, Clay's Digest 598, § 15 (1843), enacted in 1807 through the Mississippi Territorial Government, which permitted the contest of wills in Equity. This statute was the forerunner to Tit. 61, §§ 62 and 67, Code of Alabama 1940 (Recomp.1958). The latter section and the earlier provision authorize a jury trial, but the language is merely *permissive*, i. e., that the court *may* direct an issue to be tried to a jury. Nevertheless, the Court in Hill v. Barge, 12 Ala. 687, 692 (1848), construing the earlier act, declared that the right was absolute on demand of either party and not committed to the discretion of the Chancellor.

Thus, it can be seen that in Alabama there has always been a right to trial by jury in a will contest. The Texas Supreme Court in Cockrill v. Cox, 65 Tex. 669, 674 (1876), when faced with a similar issue, held:

"The provision in the Constitution of 1876, that the right of trial by jury shall remain inviolate, must be considered as perpetuating the right in the cases, in which, at the date of its adoption, it had been so universally recognized and firmly established, as in the contests arising over the proof of wills."

The next question is whether Act No. 1734, which requires the use of a six-member jury rather than a twelve-member jury, violates the substantive constitutional right of trial by jury.

It is appropriate to note at the outset that the answer is controlled by Art. 1, § 11 of our State Constitution as construed by the decisions of this Court. While the Federal Constitution, as interpreted by the United States Supreme Court, establishes minimum standards, the states have the power and are free to provide greater safeguards and to extend this protection through their own organic law—the State Constitutions. Indeed, the 9th and 10th Amendments to the United States Constitution envisage this fundamental truth.[3]

In Alabama the basic principles which apply to constitutional juries in criminal cases also apply in civil cases. The crucial words which control these principles are "shall remain inviolate." To provide that the right of trial by jury shall remain inviolate is to forbid the state through the legislative, judicial, or executive department —one or all—from ever burdening, disturbing, qualifying, or tampering with this right to the prejudice of the people. Alford v. State, supra. Historically, a jury (with minor exceptions, e. g., insanity inquisitions) has consisted of 12 people selected from the community in which the

---

3. Amendment IX: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

Amendment X: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

See also Kraas v. Amer. Bakeries Co., 231 Ala. 278, 164 So. 565 (1935).

trial is to be held. The basic purpose of the jury is to render an impartial verdict after due deliberation. In the past, 12 (again with minor exceptions not here applicable) has been considered the minimum number constitutionally necessary to satisfy this purpose. In a line of decisions, several predating the present constitution, this Court has held that the jury contemplated by Section 11 is a common law jury of 12 and a jury that consisted of a lesser number is not constitutional. Baader v. State, 201 Ala. 76, 77 So. 370 (1917); Memphis & Charleston Railroad Co. v. Birmingham, Sheffield & Tennessee River Railway Co., 96 Ala. 571, 11 So. 642 (1892); Collins v. State, 88 Ala. 212, 7 So. 260 (1889), and Woodward Iron Co. v. Cabaniss, 87 Ala. 328, 6 So. 300 (1889).

Therefore, if we were to hold Act No. 1734 constitutional, it would be necessary to overrule existing and well-established precedents on this question. In our deliberation we have not ignored the recent decisions of the United States Supreme Court which held that a 12-member jury is not a mandatory requisite of the right of trial by jury under the United States Constitution. Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (a state criminal trial composed of 6 members), and Colgrove v. Battin, 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973) (a federal district civil trial composed of 6 members).

In *Williams*, Mr. Justice White, speaking for the majority, expressed the opinion that there was no particular legal significance embodied in the number 12 and that its use developed from little more than a mystical or superstitious fixation with that number (12 apostles, 12 stones, 12 tribes). Having searched the constitutional debates and compared the alternative proposals to the adopted wording of the Seventh Amendment, Justice White concluded that

the framers did not attach any constitutional significance to the number of jurors. 90 S.Ct. at 1900–1903.

As applied to our own Constitution of 1901, the majority opinion in *Williams* does not persuade us that we should abandon our existing case law. It must be remembered that our duty is to speak the will of the people of this state, as that will is embodied in Section 11 of the Alabama Constitution of 1901.[4] In performing this duty, we are not without guidance. The most cursory reading of the official proceedings of the Constitutional Convention of 1901 leads to but one conclusion: To those who framed, amended, debated, and passed this organic article, the number 12 was not merely of mystical significance. It was virtually sacred.

The second most hotly debated issue during the entire term of the convention was the preservation of the right of trial by jury and in what that right consisted. At the time of the convention, 12 was the number in use. Various proposals which would have reduced the number of jurors were placed before the convention. Each such proposal was soundly rejected and the words which preserved the right of trial by jury under all previous constitutions were carried forward into the Constitution of 1901. 1 Official Proceedings 333, Constitutional Convention of 1901, State of Alabama.

We have often held that the reenactment of an ordinance by the people or their representatives, following our construction of the same, amounts to an implicit approval of that construction. In light of the constitutional proceedings outlined above, we believe the application of the foregoing rule of construction is particularly appropriate. It is clear beyond peradventure that the Constitutional Convention considered and rejected that which the legisla-

---

4. For the latest expression of the people, see Alabama Constitution, Art. VI, § 6.11 (the Judicial Article, ratified December 18, 1973) which states inter alia: ". . . the right of trial by jury as at common law and declared by Section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate."

ture has attempted to do in Act No. 1734. Having examined our previous decisions in this light, we are convinced of their continued soundness.

Accordingly, we hold that Act No. 1734, Acts of Alabama, Regular Session 1971, as amended by Act No. 189, Acts of Alabama, 3rd Special Session 1971, is unconstitutional insofar as it applies to those cases in which the right of trial by jury is preserved inviolate by the constitution. In our considered judgment, if such a radical restructuring of the judicial process is deemed wise or necessary, it must be accomplished by constitutional amendment or enactment.

Reversed and remanded.

All Justices concur.