327 So.2d 911

**G. E. CAUDLE and Sarah Jo Caudle**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF SYLACAUGA,
a corporation.**

SC 1329.

Supreme Court of Alabama.

Feb. 5, 1976.

As Corrected on Denial of Rehearing
March 5, 1976.

Jerry E. Stokes, Birmingham, for appellants.

Bell & Lang, Sylacauga, for appellee.

FAULKNER, Justice.

This is an appeal from a judgment of the Circuit Court of Talladega County, holding that a bill to redeem property foreclosed, was not timely filed. We reverse.

The Caudles purchased nine lots in a subdivision known as Center Point Acres in Talladega County. The lots were purchased over a period of time, extending from September 4, 1969 through January 6, 1971.

The property was bought subject to an existing mortgage from Whetstone Homes, Inc. to First Federal Savings and Loan Association. There were other lots in the subdivision subject to the First Federal mortgage.

On February 21, 1972, First Federal foreclosed on all of the lots in the subdivision. The sale was en masse rather than on a parcel by parcel basis. First Federal bid in the property for $72,183.64. Mr. Caudle did not attend the foreclosure sale, yet, near the time of the sale, he discussed the amount that would be necessary to clear the title to his lots. He was informed the cost would be $1,959.82 per lot. Upon further discussion, First Federal offered to quitclaim its interest in the lots for an amount equal to $1,959.82 per lot minus the consideration paid by the Caudles for the lots. The Caudles sought to regain the lots upon the basis of that offer, but learned that First Federal would not give him credit for anything more than the nominal consideration appearing in the deeds. The Caudles had evidence showing they had paid about $9,000.00 on all their lots.

On February 21, 1973, Mr. Caudle made another attempt to save at least two of the lots. The recited consideration in the deeds to the two lots totaled $1,500.00. The release price set by First Federal was $1,959.82 per lot minus the $1,500.00 recited consideration, leaving a total of $2,419.-64 necessary to redeem those two lots. Mr. Caudle tendered that amount to First Federal in an effort to redeem. The tender was refused by First Federal unless the Caudles quitclaimed their interest in the remaining lots to First Federal. Thereafter, First Federal demanded the full release price of $1,959.82 per lot for redemption of the lots.

After learning that First Federal had permitted other owners of lots in the subdivision to redeem for $700.00 per lot, the Caudles wrote a letter, through their attorney, disaffirming the validity of the foreclosure sale. A suit filed in the U. S. District Court for the Northern District of

Alabama was dismissed for lack of jurisdiction. On April 11, 1974, the Caudles filed suit in the Circuit Court of Talladega County. This was two years and six weeks after the foreclosure sale. The trial judge held that the Caudles had not shown any extraordinary circumstances to justify the bringing of the action when filed, and that "the Court is of the opinion that this action was not timely filed."

The Caudles say the sole issue in this case is whether the action was timely filed in the Circuit Court of Talladega County. First Federal's attorney at oral argument put the question another way. He asks, was there any justification for the Caudles waiting two years before attacking the foreclosure.

In *W. T. Smith Lumber Co.*, where the mortgagor waited nine years before filing his bill, this court said:

"* * * The statutory period of 2 years within which land may be redeemed furnishes, by analogy, the rule for ordinary cases of this character; and while, in the application of the doctrine of laches, courts of equity will be guided largely by the *facts of each particular case*, and they will * * * never come to the relief of him who, with a full knowledge of all of the facts, has acquiesced for such a period of time 'as affords cogent evidence of a waiver and abandonment of the right.' * * *"

In *First National Bank of Opp v. Wise*, 235 Ala. 124, 177 So. 636 (1937), this court stated:

"'"* * * The whole theory of the limitation, therefore, rests on the presumption of ratification after the lapse of two years, in 'ordinary cases.' In extraordinary cases—cases involving peculiar circumstances, which rebut the presumption —it will not be indulged."'* (Italics supplied.)"*

Cf. *Dunn v. Ponceler*, 235 Ala. 269, 178 So. 40 (1938).

We are of the opinion that holding·the Caudles strictly within the 2-year period is unjust and unreasonable. We note that Mr. Caudle had conversations with First Federal and its lawyer regarding the right to redeem his property. He also offered to redeem two lots and made a tender, but was turned down by First Federal because he would not quitclaim the remaining seven lots to it. Mr. Caudle's lawyer also wrote a letter to First Federal disaffirming the sale. Caudle tried, without results, to get several lawyers to take his case. There was a fruitless suit filed in the U. S. District Court. So, we cannot say Mr. Caudle had abandoned his right to redeem. It appears he was busy as a humming bird in summer trying to get back his property.

We are of the opinion the bill was timely filed. Under the circumstances of this case, the bill filed approximately six weeks after the 2-year period, is not subject to laches.

REVERSED AND REMANDED.

BLOODWORTH, ALMON and EMBRY, JJ., concur.

HEFLIN, C. J., concurs in the result.

### ON REHEARING

Opinion corrected.

APPLICATION FOR REHEARING OVERRULED.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.