MADDOX, Justice.
The appellant states the central issue:
“Whether the trial court erred in granting summary judgments on the ground that the ‘statute of limitations’ of one year for redemption had run before plaintiff filed its bill of complaint.”
The pleadings in the cause show the following facts: Security Federal held a first mortgage on the property. First Colbert National Bank held a second mortgage on the property. On January 29, 1979, Security Federal foreclosed the first mortgage and Security Federal purchased the property at the foreclosure sale.
Security Federal, on October 18, 1979, sold the property to Ann T. Morrow, took a security interest from her and required her to furnish a policy of fire insurance affording coverage to protect its security interest for the unpaid purchase price. The sale to Ann Morrow was made subject to all rights of redemption.
Ann Morrow purchased a fire insurance policy from United States Fire Insurance Company insuring herself as owner of the property and further insuring Security Federal’s security interest for the unpaid purchase price.
The improvements on the property were destroyed by fire. United States Fire Insurance Company denied liability to the owner, Ann Morrow, but paid the debt owed by Morrow to Security Federal, which transferred its security interest and any claim to the property to United States Fire *787 Insurance Company as provided for in the policy.
On January 29, 1980 (the foreclosure sale date was January 29, 1979), First Colbert made a demand of Security Federal pursuant to Code 1975, § 6-5-234, for a statement of the amount required to redeem. On February 7, 1980, Security Federal responded, but expressly declined to agree that First Colbert could or had timely attempted to redeem. The property was owned by Ann Morrow on January 29,1980.
First Colbert, on September 18, 1980, 1 year and 8 months after foreclosure, filed its complaint to redeem against Security Federal and United States Fire Insurance Company. First Colbert National Bank did not join the owner, Ann Morrow, as a defendant in the suit to redeem.
First Colbert contends that summary judgment was inappropriate because the one-year period within which to redeem is “not a fixed rule of limitations,” but should be applied only as an equitable principle of “laches.” First Colbert cites Caudle v. First Federal Savings & Loan Association of Sylacauga, 295 Ala. 274, 327 So.2d 911 (1976).
First Colbert contends that this case is an extraordinary case involving peculiar circumstances and that the one-year redemption period should not run against it. We have examined the pleadings, and we fail to find wherein First Colbert Bank alleged any facts which would make this an extraordinary case involving peculiar circumstances.
The case here is more like Purcell v. Smith, 388 So.2d 525 (1980), where the court discussed the requirements of law for redemption and held that “[ojrdinarily, unless a tender is excused by failure of the purchaser to respond to the demand for lawful charges within ten days, the complaint is defective if it does not show a tender of the amount due.” The Court opined:
“In Foerster v. Swift, supra', the re-demptioner filed her complaint for redemption one day before the expiration of the redemptive period. There was no tender. She made the written demand upon the purchaser one day prior to filing the complaint. In reversing the trial court for failure to dismiss the complaint, this court said:
“ ‘It thus appears complainant places some reliance upon section [6-5-234] of the Code ..., in that she avers written demand was made upon respondent for a statement in writing of the debt and lawful charges claimed, but this demand was made just one day previous to the filing of the bill, while the above-cited statute gave respondent a period of ten days within which to com-' ply therewith. True, complainant was forced to file the bill at that time to come within the statutory period of two years [now one year], but the above-noted section was adopted primarily for the benefit of the redemp-tioner, and, if he delays to make the demand as therein authorized for a statement until too late for the purchaser or his vendee to have the benefit of the ten-day period allowed by the statute for a compliance, then he can claim no benefit thereunder. Any hardship resulting from a loss of the privileges therein bestowed is the result of his own lack of diligence.’ ”
216 Ala. at 229, 113 So. at 31.
We hold that the trial judge did not err in granting summary judgment.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.