ADAMS, Justice.
Bank Independent appeals from a summary judgment in favor of Jenkins Builders, Inc., and against it in an action in which it had sought reformation of a mortgage from defendants Edward L. Jenkins and Catherine Jenkins to Bank Independent. We affirm.
The facts of the case are somewhat confusing and involve a series of mortgage conveyances over a period of several years.
On May 1, 1979, Edward L. Jenkins and his wife, Catherine Jenkins, executed a mortgage to Valley Federal Savings & Loan Association (hereinafter “Valley Federal”) in the amount of $60,000. The mortgage conveyed the Jenkinses’ homestead, known as Lot 284, Kendale Gardens Subdivision, Section E, and it was promptly recorded in the office of the judge of probate.
On April 30, 1982, the Jenkinses executed a mortgage to the Bank of Florence, which has since merged with Bank Independent, in the amount of $85,000. The mortgage conveyed three lots owned by the *881 Jenkinses, including Lot 283, Kendale Gardens Subdivision, Section E. It is this particular mortgage that Bank Independent seeks to reform.
In late 1985, Edward L. Jenkins became indebted to Jenkins Builders, Inc., for building materials he used in his construction business. On June 1, 1986, Edward L. Jenkins executed a note to Jenkins Builders, Inc., in the amount of $228,590.45, secured by a blanket mortgage on all property owned by Edward L. Jenkins, including Lot 283 and Lot 284, as well as nine other lots.
On December 19, 1986, Edward L. Jenkins and his wife, Catherine Jenkins, executed a mortgage to Bank Independent in the amount of $104,000. The mortgage conveyed Lot 283, Kendale Gardens Subdivision, Section E.
The Jenkinses defaulted on their payments to Valley Federal and on August 20, 1987, Valley Federal foreclosed under the power of sale in its mortgage. Valley Federal purchased the property, Lot 284, at the foreclosure sale.
Edward L. Jenkins also defaulted on his note to Jenkins Builders, Inc., and on August 18, 1987, Jenkins Builders, Inc., foreclosed its mortgage. The properties were offered for sale in parcels and in gross, and Jenkins Builders purchased the properties at the foreclosure sale in gross for $100,-000. A foreclosure deed was executed by Jenkins Builders, Inc., and that deed was recorded in the office of the judge of probate.
On November 18, 1987, Jenkins Builders redeemed Lot 284 from Valley Federal. Valley Federal executed a redemption deed to Jenkins Builders, which was filed for record in the office of the judge of probate.
On December 14, 1987, Bank Independent sued for reformation of the April 30, 1982, mortgage executed by the Jenkinses. Bank Independent contended that through an innocent mistake of the parties, the property subject to its mortgage was mistakenly identified as Lot 283, a vacant lot, instead of Lot 284, which contained a house and which was the property intended to be mortgaged by the parties. Bank Independent also sought a determination that upon reformation, the mortgage of Jenkins Builders, Inc., was second in priority to its mortgage.
Jenkins Builders, Inc., answered the complaint, asserting that it had no notice or knowledge of the fact that Bank Independent claimed a mortgage on Lot 284. Jenkins Builders further asserted that Bank Independent was aware of the first mortgage held by Valley Federal and that it had taken no steps to redeem the property after the foreclosure by Valley Federal.
The trial court entered a summary judgment in favor of the defendant, Jenkins Builders, Inc., on the basis that the issue of reformation and priority was moot because Bank Independent had failed to take steps to redeem the property from Valley Federal. That summary judgment was made final pursuant to Rule 54(b), A.R.Civ.P.
Bank Independent argues that it sought reformation of the mortgage prior to the expiration of the redemption period and that it was precluded from redeeming the property from Valley Federal until its mortgage had been reformed. Jenkins Builders argues that Bank Independent should have, at the very least, complied with the redemption statute by including in its complaint for reformation a count seeking to redeem the subject property. We agree.
The right of redemption is statutory, and it must be exercised in the mode, manner, and time provided by statute. First Colbert National Bank v. Security Federal Savings & Loan Ass’n, 411 So.2d 786 (Ala.1982); Stevenson v. King, 243 Ala. 551, 10 So.2d 825 (1942). Ala.Code, 1975 § 6-5-230, provides that where real estate, or any interest therein, is sold by virtue of any power of sale in a mortgage, it may be redeemed from the purchaser or his vendee within one year.
Although there have been occasional cases involving peculiar circumstances where the delay in seeking to redeem has *882 been excused,[1] Bank Independent has not shown any extraordinary circumstances to justify the failure to timely file an action to redeem. The right to redeem is purely a statutory right, and to exercise that right, one must claim it within one year. Because Bank Independent failed to protect its rights by seeking to redeem, summary judgment was proper. The summary judgment in favor of Jenkins Builders, Inc., is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
APPENDIX
05/01/79 Mortgage from Ed Jenkins and wife, Catherine Jenkins, in the amount of $60,000 to Valley Federal conveying Lot 284.
04/30/82 Mortgage from Ed Jenkins and wife, Catherine Jenkins, in the amount of $85,000 to Bank Independent mistakenly conveying Lot 283 instead of Lot 284.
06/01/86 Blanket mortgage from Ed Jenkins and wife, Catherine Jenkins, in the amount of $228,590.45 to Jenkins Builders, Inc. on all property owned by Ed Jenkins, including Lots 283 and 284, and nine other lots.
12/19/86 Mortgage from Ed Jenkins and wife, Catherine Jenkins, in the amount of $104,000 to Bank Independent conveying Lot 283.
08/10/87 Valley Federal foreclosed on Lot 284.
08/18/87 Jenkins Builders, Inc. foreclosed on its blanket mortgage.
11/18/87 Redemption deed from Valley Federal to Jenkins Builders on Lot 284.
12/14/87 Complaint for reformation.

. See Caudle v. First Federal Savings & Loan Ass'n of Sylacauga, 295 Ala. 274, 327 So.2d 911 (1976), where the Court found sufficient extraordinary circumstances to justify an action to redeem beyond the statutory time period. The mortgagor had actively attempted to get his property back. He had had several conversations with the mortgagee regarding his right to redeem and had even gone so far as to offer to redeem and was turned down by the mortgagee.