JOINER, Judge,
dissenting.
I respectfully dissent from the order denying Donald Spruill’s petition for a writ of mandamus on the basis that Spruill failed to “establish a clear legal right to the relief sought.”
The relevant procedural facts are as follows: On November 15, 2010, the Houston County grand jury returned an indictment against Spruill charging him with unlawful possession of a controlled substance, see § 13A-12-212, Ala.Code 1975. Thereafter, on November 1, 2011, the State filed a “motion to place [the case] on the pretrial diversion docket,” in which the State alleged that Spruill had “entered into a Pretrial Diversion Agreement with the District Attorney’s office specifically waiving his/her right to a jury trial and a speedy trial,” which the circuit court granted. On August 9, 2012, the State filed a motion to reinstate Spruill’s case to the nonjury docket, claiming that Spruill had failed to comply with the pretrial-diversion agreement. Thereafter, Spruill’s case was placed on the bench-trial docket. On December 6, 2012, however, Spruill filed a “motion to place case on jury trial docket,” in which Spruill argued that the pretrial-diversion agreement he had signed was not valid because, he said, there was no meeting of the minds as to the terms of the agreement. On February 11, 2013, the circuit court conducted an evidentiary hearing as to the validity of the agreement, at which both Paula Lindenmuth, the coordinator of the Houston County pretrial-diversion program, and Spruill testified. The circuit court thereafter issued an order finding that the agreement was, in fact, valid and setting Spruill’s case for a bench trial on March 11, 2013.[1] On March 20, 2013, Spruill filed what he styled as a “Rule 18.1 motion to withdraw *444 and/or set aside waiver of jury trial,” in which Spruill argued, in part, as follows:
“1. [Spruill] was placed on pretrial diversion by motion of the State, after executing a contract which contained a waiver of jury trial;
“2. Rule 18.1[ (b) ](1)[, Ala. R.Crim. P.,] requires that any waiver of jury trial be accepted ‘in open court’ and further, that the Court ‘shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent’;
“3. There was no hearing in open Court in this matter and in fact, [Spruill] disputed that he had signed a valid contract.
“4. Had a hearing in open Court been held, [Spruill] would not have gone forward with the waiver, as he disputed the contract.”
(Spruill’s petition, Exhibit C.) On March 21, 2013, the circuit court issued an order denying Spruill’s request for a jury trial and finding, after the evidentiary hearing, that “the court found that a valid contract existed between the parties and that [Spruill] had waived his right to a jury trial.” (Spruill’s petition, Exhibit D.) Spruill then petitioned this Court for mandamus relief.
Spruill, in his petition for a writ of mandamus, argues, as he did in the circuit court, that he is entitled to a trial by jury because, he says, the circuit court failed to comply with Rule 18.1(b)(1), Ala. R.Crim. P., when “[t]here was no ‘open court’ hearing or colloquy held at any point during these proceedings to advise [Spruill] of his right to trial by jury or to ascertain that the waiver was knowing, voluntary, and intelligent” and, further, alleged that “had such a hearing been held, [Spruill] would have surely advised the Court that he did not wish to waive his right, as he disputed the terms of the pretrial diversion contract.” I agree with Spruill’s argument.
“[The right to a trial by jury] has been jealously guarded in Alabama through the Alabama Constitution, by statute, and by case law. Art. I, § 6, Alabama Constitution of 1901, provides in pertinent part ‘That in all criminal prosecutions, the accused has a right ... [to] a speedy, public trial, by an impartial jury of the county or district in which the offense was committed.... ’
“More emphatically, Art. I, § 11, Alabama Constitution of 1901, provides, ‘That the right of trial by jury shall remain inviolate.”\Emphasis added.) The phrase ‘shall remain inviolate’ has been interpreted to mean that the state is forbidden ‘through the legislative, judicial, or executive department — one or all — from ever burdening, disturbing, qualifying or tampering with this right to the prejudice of the people.’ Gilbreath v. Wallace, 292 Ala. 267, 271, 292 So.2d 651 (1974); Alford v. State, 170 Ala. 178, 54 So. 213 (1910). Finally, Amendment No. 328, § 6.11 [ (now § 150, Ala.Code 1975 (off. recomp.)) ], to the Alabama Constitution of 1901 (the Judicial Article), illustrates that the right to trial by jury remains inviolate. That section permits the Alabama Supreme Court to promulgate rules of court practice and procedure with the limitation that ‘the right of trial by jury as at common law and declared by Section 11 of the Constitution of Alabama of 1901 shall be preserved to the parties inviolate.’
“Since all felonies must be prosecuted on indictment by the grand jury, it is clear that the trial of all felonies must be by jury unless waived. Art. I, § 6, Alabama Constitution of 1901.”
*445 Rule 18.1, Ala. R.Crim. P., Committee Comments.
Rule 18.1(b)(1), Ala. R.Crim. P., states: “In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court, as follows:
“(1) When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent....”
Additionally, the Committee Comments following Rule 18.1, Ala. R.Crim. P., explain:
“In Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971), the Alabama Supreme Court held that waiver of jury trial in a noncapital felony case must be made knowingly and intelligently and that the prosecutor and the court must consent to it. To ensure that these requirements are met, subsection (b)(1) requires the court to advise the defendant personally of his or her right to a jury trial and further requires that the waiver be made either in writing or in open court on the record.”
(Emphasis added.) Thus, before a defendant can validly exercise his or her right to waive a trial by jury, the record must establish (1) consent from both the State and the circuit court; (2) that the defendant waived his or her right to trial by jury either in writing or in open court; and (3) that the circuit court advise the defendant in open court of his or her right to trial by jury and ascertained that the defendant’s waiver was knowing, voluntary, and intelligent.
Furthermore, when determining whether a defendant, when charged with a felony offense, waived his or her right to a trial by jury, “the heavier burden is on the State to show an affirmative waiver.” Rule 18.1, Ala. R.Crim. P., Committee Comments.
Although the State contends that Spruill waived his right to a trial by jury when he executed an agreement to participate in the Houston County District Attorney’s pretrial-diversion program, the agreement at issue in this case, even if validly executed, is insufficient to act as a waiver of Spruill’s right to a trial by jury.
The materials before this Court on Spruill’s petition for a writ of mandamus do not establish that the circuit court complied with the requirements of Rule 18.1(b)(1), Ala. R.Crim. P.; nothing indicates that the circuit court advised Spruill “personally in open court and ... advise[d] [Spruill] of his ... right to a trial by jury, and ... ascertained] that the waiver [was] knowing, voluntary, and intelligent.” In fact, Spruill contends that the circuit court did not conduct any hearing in open court advising him of his right to a trial by jury and, further, contends that, had the circuit court done so, he would not have waived his right to a jury trial. The State does not refute Spruill’s allegation. The State, instead, contends that Rule 18.1(b)(1), Ala. R.Crim. P., “provide[s] that a defendant could make his waiver of his jury trial right in writing in lieu of waiving it in open court.” (State’s answer, p. 5 (emphasis added).)
As explained above, Rule 18.1(b)(1), Ala. R.Crim. P., allows a defendant to waive his or her right to a trial by jury either in writing or open court. Rule 18.1(b)(1), however, further requires that “[b]efore *446 accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent.” (Emphasis added.) Thus, although the State correctly argues that a defendant may waive his right to a jury trial either in writing or in open court, that waiver is not valid until it is accepted by the circuit court after the defendant is addressed “personally in open court ...[,] advise[d] ... of his or her right to a trial by jury, and [the circuit court has] ascertained] that the waiver is knowing, voluntary, and intelligent.” Rule 18.1(b)(1), Ala. R.Crim. P. Here, the materials before us do not indicate that such a hearing occurred.
Because the materials before this Court do not establish that the circuit court complied with Rule 18.1(b)(1), Ala. R.Crim. P., Spruill has demonstrated a clear legal right to the relief he seeks; therefore, I would issue the writ. Accordingly, I respectfully dissent.[2]

. Spruill’s case was subsequently continued until May 1, 2013.

. Although I conclude that, under the facts of this case, there was not a valid waiver of the right to trial by jury, my writing should not be construed to say that a defendant may never validly waive his or her right to a jury trial by entering into an agreement to participate in a pretrial-diversion or drug-court program. The best practice would be either to have an agreement acknowledged by all parties in open court and on the record or to have a written agreement signed by the defendant, the State, and the circuit court acknowledging that the defendant is waiving his or her right to trial by jury and, thereafter, have the circuit court address the defendant in open court and advise the defendant of his or her right to a trial by jury and ascertain that the defendant is waiving that right knowingly, voluntarily, and intelligently. Additionally, although not required by the second sentence in Rule 18.1(b)(1), Ala. R.Crim. P., clearly the best practice would be for the circuit court to address the defendant on the record.