KELLUM, Judge.
Following a bench trial, the appellant, Cory James Taylor, was convicted of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975. The circuit court sentenced Taylor as a habitual felony offender to 15 years’ imprisonment and ordered Taylor to pay all mandatory fines, fees, and assessments.
The record indicates the following occurred before the bench trial began:
“THE COURT: All right. I had— Cory Taylor had represented this was going to be a plea. We let the jury go. And now it’s changed to a trial. Is that right, [defense counsel]?
“[DEFENSE COUNSEL]: Your Honor, I don’t recall saying that.
“THE COURT: Well, that’s what my records show, that the representation was a plea. All right. So we’re going to try it non-jury since we let the jury go. All right. Thank you.
“All right. Have y’all got your witnesses here?
“[PROSECUTOR]: Yes, sir, Your Honor.
[[Image here]]
“THE COURT: ... I’ll state for the record again, [defense counsel], my records show that it has been represented that it was going to be a plea. We get here this morning, now you’re saying a trial which he has a right to trial. I dismissed the jury, so we’re going to try it non-jury. Okay?
“[DEFENSE COUNSEL]: Your Honor, I’m going to object to the non-jury trial.
“THE COURT: Okay.
“[DEFENSE COUNSEL]: I don’t recall. I think I did send in a — through the Internet as to what I think each Defendant would do. Do you have yours with you?
“THE DEFENDANT: Excuse me, Judge Price.
[[Image here]]
“THE COURT: ... Okay. Your objection is noted for the record, [defense counsel],
“All right. Call your first witness.
*325 “THE DEFENDANT: Could I speak first, please?
“THE COURT: Go ahead. If your lawyer wants you to speak.
“THE DEFENDANT: I mean, I want to say something to you.
“THE COURT: No. No. No. Don’t say something to me. If your lawyer wants you to say something, that’s fíne.
“THE DEFENDANT: I never wanted to plea. I always wanted to go to trial. I just wanted to say that for the record.
“THE COURT: All right. Opening statement.”
(R. 4-6.) After the circuit court found Taylor guilty, Taylor filed a “Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial and Demand for Trial by Jury” in which he stated that he demanded a jury trial but was not tried by jury. The circuit court denied Taylor’s motion, and this appeal followed.
Taylor’s sole contention on appeal is that he was denied his constitutional right to a jury trial when the circuit court conducted a bench trial over Taylor’s objection.
“Defendants in all criminal cases shall have the right to be tried by a jury.” Rule 18.1(a), Ala. R.Crim. P. In certain circumstances, however, a defendant may waive his right to a trial by jury.
“When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent....”
Rule 18.1(b)(1), Ala. R.Crim. P. The Committee Comments to Rule 18.1 explain the rationale behind the rule requiring an affirmative waiver:
“Section (a) recognizes a defendant’s fundamental right to a trial by jury. This right has been jealously guarded in Alabama through the Alabama Constitution, by statute, and by case law. Art. I, § 6, Alabama Constitution of 1901, provides in pertinent part ‘That in all criminal prosecutions, the accused has a right ... [to] a speedy, public trial, by an impartial jury of the county or district in which the offense was committed.... ’
“More emphatically, Art. I, § 11, Alabama Constitution of 1901, provides, ‘That the right of trial by jury shall remain inviolate.’ (Emphasis added.) The phrase ‘shall remain inviolate’ has been interpreted to mean that the state is forbidden ‘through the legislative, judicial, or executive department — one or all — from ever burdening, disturbing, qualifying or tampering with this right to the prejudice of the people.’ Gilbreath v. Wallace, 292 Ala. 267, 271, 292 So.2d 651 (1974); Alford v. State, 170 Ala. 178, 54 So. 213 (1910). Finally, Amendment No. 328, § 6.11, to the Alabama Constitution of 1901 (the Judicial Article), illustrates that the right to trial by jury remains inviolate. That section permits the Alabama Supreme Court to promulgate rules of court practice and procedure with the limitation that ‘the right of trial by jury as at common law and declared by Section 11 of the Constitution of Alabama of 1901 shall be preserved to the parties inviolate.’
“Since all felonies must be prosecuted on indictment by the grand jury, it is clear that the trial of all felonies must be by jury unless waived. Art. I. § 6, Alabama Constitution of 1901.”
*326 The record on appeal indicates that Taylor did not affirmatively waive his right to a trial by jury in writing or on the record in open court. Indeed, defense counsel objected to the circuit court’s decision to move forward with a bench trial, and Taylor informed the circuit court that he had always intended to go to trial. Because Taylor did not affirmatively waive his right to a trial by jury in writing or on the record in open court as provided in Rule 18.1(b)(1), the circuit court erred in conducting a bench trial over Taylor’s objection. Accordingly, the judgment of the circuit court is reversed and the cause is remanded with directions that Taylor be afforded a trial by jury in accordance with his request. See Arington v. State, 773 So.2d 500 (Ala.Crim.App.2000); see also Coughlin v. City of Birmingham, 701 So.2d 830 (Ala.Crim.App.1997).
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.