The appellant, Robert Lance Coral, was indicted on March 7, 1988, in Montgomery County, in a two-count indictment for the capital offenses of murder committed during a robbery in the first degree, in violation of § 13A-5-40(a)(2), Code of Alabama 1975 (count I), and murder committed during a burglary in the first degree, in violation of § 13A-5-40(a)(4) (count II). A jury found him guilty of the lesser included offense of murder under count I of the indictment and guilty of the capital offense of murder committed during a burglary in the first degree, as charged in the indictment under count II. A sentencing hearing was held before the jury, in accordance with §§ 13A-5-43 through -46, and the jury returned an advisory verdict recommending that the appellant be sentenced to life imprisonment without the possibility of parole. The vote of the jury in arriving at the advisory verdict was eight for life imprisonment without parole and four for the death penalty.[1]
Thereafter, the trial court held another sentencing hearing and, on October 20, 1989, sentenced the appellant to death.[2]
We note at the outset of our review of this case that the trial court has failed to comply with the requirements of §13A-5-47(d), which provides as follows:
 "Based upon the evidence presented at trial, the evidence presented during the sentence hearing, and the pre-sentence investigation report and any evidence submitted in connection with it, the trial court shall enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in section 13A-5-49, each mitigating circumstance enumerated in section 13A-5-51, and any additional mitigating circumstances offered pursuant to section 13A-5-52. The trial court shall also enter written findings of facts summarizing the crime and the defendant's participation in it."
The court's sentencing order contains no findings. "Without knowing what the trial *Page 249 
judge did, we are unable to properly review his sentencing decision." Ex parte Cochran, 500 So.2d 1179, 1187 (Ala. 1985). See also Murry v. State, 562 So.2d 1348 (Ala.Cr.App. 1988), cert. quashed, 562 So.2d 1348 (Ala. 1990).
Due to the deficiencies in the sentencing order, we remand this cause to the trial court with directions that it enter specific written findings concerning the existence or nonexistence of the aggravating and mitigating circumstances and, once again, decide the appropriate punishment by reweighing the proper aggravating circumstances against any proper mitigating circumstances. The trial court should also enter written findings of facts summarizing the crime and the appellant's participation in it. We direct that the trial court fully comply with the provisions of §§ 13A-5-47 through -52. When the new sentencing order is entered, it should be promptly transmitted to this court.
We pretermit discussion of the remaining issues raised by the appellant on appeal until we have received the new sentencing order.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] Section 13A-5-46(f), Code of Alabama 1975, requires that an advisory verdict recommending the death penalty be based on a vote of at least ten jurors.
[2] In deciding upon the sentence, the trial court shall consider the recommendation of the jury contained in its advisory verdict, and while it shall be given consideration, it is not binding upon the court. Section 13A-5-47(e), Code of Alabama 1975.