Willie Simmons Jackson was convicted for the capital offense of murder during a robbery, in violation of Ala. Code 1975, § 13A-5-40(a)(2); four counts of forgery in the second degree, in violation of § 13A-9-3; and four counts of possession of a forged instrument in the second degree, in violation of § 13A-9-6. The trial court sentenced Jackson to consecutive 15-year terms for each of the counts of forgery and possession of forged instruments and sentenced him to death for the capital murder conviction. Jackson appealed to the Court of Criminal Appeals, which affirmed the convictions and the sentences. See Jackson v. State, 640 So.2d 1025 (Ala.Cr.App. 1992). Jackson then petitioned for a *Page 1051 
writ of certiorari to this Court, and we granted the petition.
Jackson, a black male, argues that the prosecution used its peremptory strikes to systematically exclude black veniremembers from the jury and thereby violated his constitutional right to a fair trial. See Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The record shows that one black served on the jury and that a second black served as an alternate. During jury selection, the prosecutor used 10 of his 35 strikes to remove blacks from the jury (the 10th strike was against the person who sat as an alternate). Jackson objected on the basis ofBatson and specifically listed the jurors he believed to have been excluded on the basis of race, including Juror No. 48, a black male. The trial court then stated:
 "THE COURT: All right. First of all, I find that there is no systematic exclusion shown at this time which would result in a presumption [that the strikes were not race-neutral]. There is one black person on this jury for sure. There is an alternate. Out of an abundance of precaution, this Court will require at this time the District Attorney to present reasons for striking each and every person that he in fact struck which was of the black race."
(Emphasis added.) In a lengthy discourse that followed, the State gave its reasons for each of the strikes, except for the strike of Juror No. 48. The trial court nevertheless pronounced that all of the State's peremptory strikes were race-neutral.
In its opinion, the Court of Criminal Appeals stated that the prosecution listed race-neutral reasons for all of its 10 strikes against black veniremembers and that there was no violation of Batson. The record shows, however, that the prosecution gave reasons for only 9 of its 10 strikes against the black veniremembers. We agree that the reasons actually contained in the record are sufficiently race-neutral; however, the record is devoid of any reason for the striking of Juror No. 48.
This Court has established that in reviewing allegations that the prosecution exercised its peremptory challenges in a racially discriminatory manner, the reviewing court's inquiry, regardless of whether the State's explanations are offered voluntarily or are offered by order of the court, shall focus solely upon the propriety of the ultimate finding of discrimination vel non. Huntley v. State, 627 So.2d 1013
(Ala. 1992). Here, the trial court could not properly determine whether the prosecution's striking of Juror No. 48 was motivated by racial bias; no reason was given. We note that Jackson did not object to the prosecution's failure to articulate its reason for striking Juror No. 48; however, the omission constitutes "plain error." See Rule 45A and Rule 39(k), Ala. R.App.P. The removal of even one juror for a racially discriminatory reason is a violation of the equal protection rights of both the excluded juror and the minority defendant. Ex parte Bird, 594 So.2d 676 (Ala. 1991).
We therefore remand this cause to the Court of Criminal Appeals for that court to remand to the trial court. The trial court is to determine if the prosecutor's reason for striking Juror No. 48 was race-neutral. The trial court shall enter its determination on the record and shall, within 60 days of the remand from the Court of Criminal Appeals, make a return to that court supplementing the record to include the determination. The Court of Criminal Appeals shall promptly forward that return to this Court.
Because of the remand on the Batson issue, we do not now address the other issues raised; review of those other issues remains pending until this Court receives the trial court's return to the remand.
REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and KENNEDY, JJ., concur. *Page 1052