Robert Lance Coral was indicted on March 7, 1988, in Montgomery County, on two counts of capital murder; Count I was murder committed during a robbery in the first degree, § 13A-5-40(a)(2), Ala. Code 1975, and Count II was murder committed during a burglary in the first degree, §13A-5-40(a)(4). The jury found him guilty of the lesser included offense of murder (§ 13A-6-2(a)(1)) under Count I of the indictment and guilty of the capital offense of murder committed during a burglary in the first degree as charged in Count II.[1] After a sentencing hearing held before the jury in accordance with §§ 13A-5-43 through -46, the jury returned an advisory verdict, by a majority vote of eight to four, recommending a sentence of life imprisonment without parole for the conviction of the capital offense charged in Count II of the indictment. Thereafter, the trial court held another sentencing hearing in accordance with §§ 13A-5-47 through -52, and sentenced the appellant to death.
In his petition to this Court, Coral raises the same 14 issues that he raised before the Court of Criminal Appeals. The opinions released by the Court of Criminal Appeals provide a thorough treatment of each issue raised by Coral.Coral v. State, 585 So.2d 248 (Ala.Cr.App. 1991); Coral v.State, 628 So.2d 954 and 628 So.2d 988 (Ala.Cr.App. 1992). *Page 1006 
Our review of a death penalty case allows us to address any plain error or defect found in the proceeding under review, even if the error was not brought to the attention of the trial court. Rule 39(k), A.R.App.P. " ' "Plain error" only arises if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings.' " Ex parte Womack, 435 So.2d 766, 769
(Ala.Cr.App. 1983), cert. denied, 464 U.S. 986, 104 S.Ct. 436,78 L.Ed.2d 367 (1983), quoting United States v. Chaney,662 F.2d 1148, 1152 (5th Cir. 1981). This Court may take appropriate action when the error "has or probably has" substantially prejudiced the appellant. Rule 39(k), A.R.App.P.
Having read and considered the record, together with the briefs and arguments of counsel, this Court has concluded that the judgment of the Court of Criminal Appeals (seeCoral v. State, 585 So.2d 248 (Ala.Cr.App. 1991); Coral v.State, 628 So.2d 954 and 628 So.2d 988 (Ala.Cr.App. 1992)), must be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS, STEAGALL* and INGRAM, JJ., concur.
[1] On appeal, Coral contended that he was twice put in jeopardy for the same offense because he was convicted of the lesser included offense of murder under Count I, which alleged the capital offense of murder-robbery, and was also convicted of the capital offense of murder-burglary under Count II. The Court of Criminal Appeals held that it was clear that these two offenses arose out of the same conduct and that his murder conviction constitutes a conviction for the same murder that was an element of the capital offense of murder-burglary for which he was also convicted. The Court of Criminal Appeals held that the appellant was, in fact, sentenced only for the greater offense, and, therefore, that his murder conviction under Count I could not stand. Accordingly, the cause was remanded to the trial court to vacate Coral's conviction for murder under Count I of the indictment. The Court of Criminal Appeals held that Coral's conviction for the capital offense of murder-burglary was proper in this regard and, thus, stands.
* Although Justice STEAGALL did not attend oral argument, he has listened to the tapes.