MONTIEL, Judge.
The appellant, Nathan D. Slaton, was charged by indictment with murder, made capital because it was committed during a rape. § 13A-5-40(a)(3), Code of Alabama 1975. The jury found the defendant guilty of capital murder and unanimously recommended he be sentenced to death. The trial court followed the jury’s recommendation and sentenced the defendant to death.
I
The appellant contends that he was deprived of his right to a fair and impartial jury because the trial judge’s secretary excused prospective jurors from the venire.
The Alabama Legislature has set forth clear rules for excusing jurors. Section 12-16-74, Code of Alabama 1975, provides, in pertinent part:
“The court shall require the names to be called from the venire list of all persons who have been served with a summons to appear in court that day for service as jurors and whose service has not been previously excused or postponed. The court may hear any excuses not previously heard and shall pass upon the qualifications of those in attendance. The court may in any case, including capital cases, excuse or postpone the service of any prospective juror outside the presence of the parties and their counsel in accordance with the provisions for excusal contained in section 12-16-63.”
The Code also provides:
“Prior to the date on which a prospective juror has been summoned to appear, the presiding circuit judge, or a court official designated by him, shall have the authority to disqualify the prospective juror or to excuse or postpone his service to any future date, notwithstanding the provisions of any other law.”
§ 12-16-145, Code of Alabama 1975.
This Court recently decided two cases dealing with members of the venire being excused by a judge’s secretary or the circuit clerk. In Jackson v. State, 640 So.2d 1025 (Ala.Crim.App.1992), remanded on other grounds, 640 So.2d 1050 (Ala.1993), we held that the judge’s secretary’s dismissal of people on the venire list violated Alabama’s statutory scheme of excusing jurors, even though the secretary in that case had detailed instructions from the judge as to who could be excused. In Jackson, however, we held that violation to be harmless error because of the reasons given by the jurors who were excused and because more than 110 jurors remained on the panel prior to voir dire. However, in Windsor v. State, [Ms. CR-91-1487, August 13, 1993] — So.2d-(Ala. *879 Crim.App.1993) (Montiel and McMillan, JJ., dissenting), this court, by a vote of three to two, expressly overruled Jackson, holding that a violation of the statutory scheme for excusing jurors “always constitutes reversible error because a violation of those statutes impinges the integrity of the jury selection process.”
If the presiding circuit judge in this case did not designate the trial court’s secretary as the person having the authority to excuse potential jurors, then reversible error occurred and this cause is due to be remanded for a new trial on the authority of Windsor. However, if the presiding judge did designate the secretary to excuse jurors, then there would be no violation of § 12-16-145, Code of Alabama 1975, and there was no violation of the appellant’s right to a fair and impartial jury. The appellant would, therefore, not be entitled to a new trial. We are unable to tell from the record whether the trial court’s secretary was properly designated. Therefore, we must remand this cause to the trial court with instructions that a hearing on this matter be held. If the trial judge determines reversible error occurred, then the appellant is entitled to a new trial. If the trial court determines the secretary was properly designated by the presiding judge as having the authority to excuse jurors, then the appellant is not entitled to a new trial. In either case, the trial judge is ordered to return a transcript of the hearing, with his written findings of fact and conclusions of law, to this court.
II
The appellant also argues that the trial court erred when it used Slaton’s juvenile record in New York to determine the mitigating circumstance of no significant pri- or criminal activity did not exist. The juvenile record was included in the presentence report to the trial court. Juvenile adjudications are not convictions and are not criminal in nature and therefore cannot be considered to negate this mitigating circumstance. Freeman v. State, 555 So.2d 196, 212 (Ala.Crim.App.1988), aff'd, 555 So.2d 215 (Ala.1989), cert. denied, 496 U.S. 912, 110 S.Ct. 2604, 110 L.Ed.2d 284 (1990); Baldwin v. State, 456 So.2d 117, 123 (Ala.Crim.App.1983), aff'd, 456 So.2d 129, 140 (Ala.1984), aff'd 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985). Therefore, the trial court erred when it considered the appellant’s juvenile record in determining there was no mitigating circumstance of no prior criminal activity. The presentence report listed no convictions or arrests other than the juvenile record; therefore, the trial court must find as a mitigating circumstance that the appellant had no significant prior criminal activity.
Therefore, if on remand the trial court determines that the appellant is not entitled to a new trial for the reasons discussed in part I, the trial court is instructed to determine whether the death sentence would have been imposed without consideration of the appellant’s juvenile record.
A return shall be filed with this court within 90 days of the date of this opinion. The return shall include the transcript of all hearings and the trial court’s written findings of fact and conclusions of law as to issue I and pursuant to § 13A-5-47, Code of Alabama 1975. If the appellant is entitled to a new trial for the reasons discussed in part I of this opinion, then the instructions in part II of this opinion will serve as cautionary instructions for the new trial. We decline to address the other issues raised by the appellant until the trial court makes its determination as to the issue in part I and the cause is returned to this court.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.