As the author of what was a perfectly good opinion (inHarrell v. State, 571 So.2d 1270 (Ala. 1990), cert. denied,499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1990)), I was first inclined to dissent. However, after studying J.E.B. v. Alabamaex rel. T.B., ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89
(1994), which forbids peremptory challenges on the basis of gender ("sex" according to the caustic dissent of Justice Scalia) as well as on the basis of race, I believe that the requirement of a prima facie showing of discrimination *Page 9 
has been abolished. In spite of the weak attempt by the majority in J.E.B. to assure that J.E.B. does not eliminate all peremptory challenges, I read J.E.B. as requiring a nongender, nonrace reason for striking any juror that is struck, and as requiring no prima facie showing of gender (sex) or racial discrimination before a disclosure of reason is required. Therefore, there is no more peremptory challenge.
I believe that the peremptory challenge has served the litigants in this state (black, white, male, female, rich, poor, plaintiff, civil defendant, state, criminal defendant) well. I add this concurrence in the result to my too-frequent dissents in bemoaning the demise of an effective means of assuring that the litigants in the courts of Alabama are satisfied with the jurors to whom they entrust their lives, liberties, sacred honor, and property. Ex parte Jackson,640 So.2d 1050 (Ala. 1993); Huntley v. State, 627 So.2d 1013
(Ala. 1992); Ex parte Thomas, 601 So.2d 56 (Ala. 1992); Guthriev. State, 598 So.2d 1020 (Ala. 1992); Thomas v.Diversified Contractors, Inc., 578 So.2d 1254 (Ala. 1991); andVan Scoy v. State, 555 So.2d 195 (Ala. 1989).