On Return to Remand

McMILLAN, Judge.
This cause was remanded with instructions to the trial court to determine whether the prosecutor’s reason for striking juror number 48 was race-neutral, pursuant to the Alabama Supreme Court’s decision in Ex parte Jackson, 640 So.2d 1050 (Ala.1993). At a hearing on remand, the trial court noted that the record revealed that no reason was given for striking veniremember number 48. The trial court stated, however: “I specifically remember that reason being given in open court. I don’t know why it doesn’t appear in the Record.”
Thereafter, an assistant district attorney who had participated in the voir dire examination of the veniremembers during the trial testified that he had taken notes while this particular veniremember was being examined by the trial court and the prosecution. He testified that his notes indicated that the veniremember had stated that he did not wish to sit on a capital murder case and that he would have a problem in recommending the death sentence. He testified that this potential juror’s personal problems with the death penalty was the reason for striking him. The assistant district attorney further testified that before voir dire examination the district attorney’s office did “extensive research” into the background of the potential jurors. The witness testified that he did not have any independent recollection of what the background research uncovered as to this particular potential juror, but after referring to the court file, he stated that the district attorney’s office had discovered a tax lien filed by the State of Alabama against this potential juror for willful failure to pay taxes. Thereafter, the trial court found that the State’s reasons for striking this potential juror were race-neutral; that the reasons stated by the State were “clear, specific, and legitimate reasons,” Ex parte Branch, 526 So.2d 609 (Ala.1987); that the reasons were not merely “a sham or pretext,” Ex parte Branch, supra, at 624; and that there was no violation of the equal protection of rights of either the potential juror or the appellant. Ex parte Bird, 594 So.2d 676 (Ala.1991).
Because the reasons articulated by the State for striking potential juror number 48 were race-neutral, the trial court properly denied the appellant’s Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.