On Return to Remand
On June 16, 1995, we affirmed William Thomas Knotts's capital convictions and sentence of death (CC-91-2537), and also affirmed his convictions and sentences for escape in the third degree (CC-91-2531) and for theft of property in the second degree (CC-91-2532). However, finding that he had been improperly sentenced both for burglary and for theft committed in the residences of Carrie Ware and Sheila Rhodes (CC-91-2533, CC-91-2534, CC-91-2535, and CC-91-2536), we remanded those cases to the trial court with instructions to conduct a new sentencing hearing and to enter proper sentences. The theft and burglary charges arose out of the same act in each residence, i.e., entering and removing property, and his separate sentences for those offenses resulted in double punishment, which is prohibited. Pardue v. State, 571 So.2d 320
(Ala.Cr.App. 1989).
The trial court has duly complied with our instructions and has filed a return with this court reflecting that the sentencing hearing was held and that Knotts was resentenced in accordance with the law.
The return shows that at the new sentencing hearing, in case CC-91-2533, burglary in the third degree committed in the residence of Carrie Ware, Knotts was sentenced to 10 years' imprisonment and was ordered to pay $3,088 restitution, $150 to the victim's compensation fund, attorney fees, and court costs. In case CC-91-2534, theft of property in the first degree committed in the residence of Carrie Ware, Knotts was sentenced to 20 years' imprisonment and was ordered to pay $150 to the victim's compensation fund, attorney fees, and court costs. The sentences in CC-91-2533 and CC-91-2534 were to run concurrently.
At the new sentencing hearing, in case CC-91-2535, burglary in the first degree committed in the residence of Sheila Rhodes, Knotts was sentenced to 20 years' imprisonment and was ordered to pay $1,673 restitution, $150 to the victim's compensation fund, attorney fees, and court costs. In case CC-91-2536, theft of property in the second degree committed in the residence of Sheila Rhodes, Knotts was sentenced to 10 years' imprisonment and was ordered to pay $150 to the victim's compensation fund, attorney fees, and court costs. The sentences in CC-91-2535 and CC-91-2536 were to run concurrently.
The trial court also ordered that the sentences imposed in CC-91-2535 and CC-91-2536 were to run consecutively with the sentences imposed in CC-91-2533 and CC-91-2534.
Finding that the sentences imposed meet the requirements of the law, they are due to be affirmed. Having previously affirmed Knotts's capital convictions and sentence of death (CC-91-2537), his conviction and sentence for escape in the third degree (CC-91-2531), and his conviction and sentence for theft of property in the second degree (CC-91-2532), we now affirm his convictions and sentences in cases CC-91-2533, CC-91-2534, CC-91-2535, and CC-91-2536.
AFFIRMED.
All Judges concur. *Page 486