On Return to Remand
A jury convicted Willie Simmons Jackson for the offense of murder during the course of a robbery, made capital by §13A-5-40(a)(2), Ala. Code 1975, and four counts of forgery in the second degree, in violation of § 13A-9-3. After a hearing, the jury returned an advisory verdict, by a majority vote of seven to five, recommending a sentence of life imprisonment, without parole, for murder. After a sentencing hearing, the trial court sentenced Jackson to 4 consecutive 15-year terms for the forgery convictions and overrode the recommendation of the jury and sentenced Jackson to death for the murder.
The Court of Criminal Appeals affirmed the convictions and the sentences. See Jackson v. State, 640 So.2d 1025
(Ala.Cr.App. 1992). This Court granted certiorari review. In Exparte Jackson, 640 So.2d 1050 (Ala. 1993), this Court remanded this cause for the Court of Criminal Appeals to have the trial court determine whether the prosecution's reason for striking one of the jurors, Juror No. 48, was race-neutral, within the rules of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), and its progeny.[1] *Page 811 
Because we remanded on the Batson issue, we did not address other issues raised on certiorari review.
On the trial court's return to the remand, the Court of Criminal Appeals again affirmed, holding that the reasons articulated by the State for striking the potential juror were race-neutral and that the trial court had properly denied the appellant's Batson claim. Jackson v. State, 672 So.2d 808
(Ala.Crim.App. 1994).
Now that on remand the trial court and the Court of Criminal Appeals have addressed the Batson question addressed in our first opinion (640 So.2d 1050), we now consider the other issues raised in Jackson's certiorari petition.
In his petition, Jackson raised the same eight issues he had raised in the Court of Criminal Appeals. The opinions released by the Court of Criminal Appeals thoroughly treat each of those issues. Jackson v. State, 640 So.2d 1025 (Ala.Crim.App. 1992);Jackson v. State, 672 So.2d 808 (Ala.Crim.App. 1994).
Our review of a death penalty case requires us to address any plain error or defect found in the proceeding under review, even if the error was not brought to the attention of the trial court. Rule 39(k), Ala.R.App.P. ' "Plain error" only arises if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings.' " Ex parte Womack, 435 So.2d 766, 769
(Ala.Cr.App. 1983), cert. denied, 464 U.S. 986, 104 S.Ct. 436,78 L.Ed.2d 367 (1983), quoting United States v. Chaney,662 F.2d 1148, 1152 (5th Cir. 1981). This Court will take appropriate action when the error "has or probably has" substantially prejudiced the defendant. Rule 39(k), Ala.R.App.P.
Having considered the record, together with the briefs and arguments of counsel, we conclude that the judgment of the Court of Criminal Appeals (Jackson v. State, 640 So.2d 1025
(Ala.Crim.App. 1992); Jackson v. State, 672 So.2d 808
(Ala.Crim.App. 1994)), must be affirmed. Ala.R.App.P. 39(k).
AFFIRMED.
HORNSBY, C.J., and MADDOX and INGRAM, JJ., concur.
HOUSTON, J., concurs in result.
[1] Our opinion in Ex parte Jackson, 640 So.2d 1050 (Ala. 1993), erroneously stated that Jackson had been convicted of four counts of possession of a forged instrument in the second degree, in violation of § 13A-9-6, Ala. Code 1975, and that he had been sentenced for a term in prison for those charges. Although Jackson was indicted for four counts of possession of a forged instrument in the second degree, in violation of §13A-9-6, those charges were nol-prossed during the trial of the case. R.T. 1328.