I dissent from the holding that Ala. Code 1975, § 12-21-45, violates the right to trial by jury guaranteed by the Constitution of Alabama of 1901, § 11. See Henderson v. AlabamaPower Co., 627 So.2d 878, 903-14 (Ala. 1993) (Houston, J., dissenting); Ex parte Giles, 632 So.2d 577, 587-89 (Ala. 1993) (Houston, J., concurring in the result), cert. denied, ___ U.S. ___, 114 S.Ct. 2694, 129 L.Ed.2d 825 (1994); Smith v. Schulte,671 So.2d 1334 (Ala. 1995) (Houston, J., dissenting), cert. denied, U.S. (1996); Ex parte Jackson, 672 So.2d 810 (Ala. 1995) (Houston, J., concurring in the result); Ex parte Foshee,246 Ala. 604, 606-07, 21 So.2d 827 (1945); and Amendment 328, § 6.11, Constitution of Alabama of 1901.
I dissent from the holding that Ala. Code 1975, § 12-21-45, violates the "phantom" *Page 1348 
equal protection clause in the Constitution of Alabama of 1901. See Moore v. Mobile Infirmary Association, 592 So.2d 156,174-77 (Ala. 1991) (Houston, J., concurring in the result);Pinto v. Alabama Coalition for Equity, 662 So.2d 894 (Ala. 1995) (Houston, J., concurring in the result); Smith v. Schulte, supra (Houston, J., dissenting).
The majority opinion states:
 "Against the constitutionality of § 12-21-45, Leahey argued, and the circuit court agreed, that it violates: the right to trial by jury as guaranteed by Ala. Const. 1901, § 11; the right to a remedy and to access to the courts as guaranteed by § 13; the constitutional guaranties of equal protection, see §§ 1, 6, and 22, and due process, §§ 6 and 13; and the principle of separation of powers as preserved by §§ 42 and 43."
681 So.2d at 1338.
Apparently, the majority opinion affirms on the basis that § 12-21-45 violates "the right to trial by jury as guaranteed by Ala. Const. 1901, § 11" and "the constitutional guaranties of equal protection, see §§ 1, 6, and 22."
In my opinion, § 12-21-45 is not unconstitutional for any of the reasons offered by Leahey.
Section 6 of the Constitution relates to rights in criminal prosecutions ("That in all criminal prosecutions, the accused has a right to . . ."). Section 12-21-45 has nothing to do with criminal prosecutions. Due process, which is guaranteed in civil trials by § 13 of the Constitution ("that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law"), guarantees a person notice,[9] a hearing according to that notice, and a judgment entered in accordance with the notice and hearing,[10] Ex parte Rice, 265 Ala. 454, 92 So.2d 16 (1957), and restricts the legislature from making unreasonable, arbitrary, and oppressive modifications of fundamental rights. Thompson v.Wiik, Reimer Sweet, 391 So.2d 1016 (Ala. 1980), I fail to see how § 12-21-45 violates the due process guaranty.
No remedy that Leahey had was curtailed after the injury had occurred and the right of action vested. Therefore, there was no violation of the right-to-a-remedy portion of § 13. Pickettv. Matthews, 238 Ala. 542, 192 So. 261 (1939); Henley v.Rockett, 243 Ala. 172, 8 So.2d 852 (1942).
Likewise, Ala. Code 1975, § 12-21-45, does not violate the separation of powers doctrine (§§ 42 and 43) of the Constitution of Alabama of 1901. See Ex parte Foshee, 246 Ala. 604,606-07, 21 So.2d 827 (1945).
 "The supreme court shall make and promulgate rules governing . . . practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party. . . . These rules may be changed by a general act of statewide application."
Amendment 328, § 6.11, Constitution of Alabama of 1901.
In my opinion, the legislature had the power to enact §12-21-45. Whether it was expedient or wise for the legislature to enact this statute is not the judiciary's concern. AlabamaState Federation of Labor v. McAdory, 246 Ala. 1, 9-10,18 So.2d 810, 815 (1944).
HOOPER, C.J., and MADDOX, J., concur.
[9] See BMW of North America, Inc. v. Gore, ___ U.S. ___,116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), discussing "notice" as a component of due process under the United States Constitution.
[10] "[A]ll courts shall be open" (§ 13, Constitution) to assure such hearing and resolution.