I write specially only to address the following argument of the defendant:
 IV. "[T]hat the trial court's decision to override the jury's recommendation of life imprisonment without parole and to sentence him to death was not supported by either the evidence or the law."
The jury unanimously recommended life imprisonment without parole.
The Constitution of Alabama of 1901, upon its ratification, expressly conferred upon juries the power to impose either the sentence of death or the sentence of life imprisonment for defendants found guilty of murder in the first degree (Ala. Code 1897, § 4858). In my dissent in Henderson v. Alabama PowerCo., 627 So.2d 878 (Ala. 1993), I expressed my concern that the majority's interpretation of § 11 of the Constitution ("[t]hat the right to trial by July shall remain inviolate") would make what is now Ala. Code 1995, §§ 13A-5-1 through -59, "Punishment and Sentences," unconstitutional. In Ex parte Giles,632 So.2d 577, 583 (Ala. 1993), cert. denied, 512 U.S. 1213,114 S.Ct. 2694, 129 L.Ed.2d 825 (1994), the majority of this Court, by legal reasoning I could not follow, held:
 "[Section] 11 does not preclude the judge's override of the jury's recommendation of life imprisonment in a capital case, and *Page 192 
reaffirm the principle that, in Alabama, the `judge, and not the jury, is the final sentencing authority in criminal proceedings.'"
This is correct only if the jury's right to sentence a defendant to death or to life imprisonment for murder in the first degree or to a term of imprisonment for defendants found guilty of murder in the second degree (Ala. Code 1897, § 4858), manslaughter (§ 4862), rape (§ 54441, robbery (§ 5479), and other offenses (§§ 5050, 4420, 4758) did not become inviolate upon the ratification of the Constitution of 1901.
Section 11 applies to both civil cases and criminal cases. How the majority of this Court interpreted § 11 the way it did in criminal cases, in which punishment and deterrence are involved and in which one party's life, liberty, or property is at stake; and another way in civil cases involving punitive damages, in which punishment and deterrence are involved and in which no party's life or liberty, but only the defendant's property interest, is at stake, causes me grave concern. Henderson v.Alabama Power Co, 627 So.2d at 904-07 (Houston, J., dissenting);Ex parte Giles, 632 So.2d at 587-89 (Houston, J., concurring in the result); Smith v. Schulte, 671 So.2d 1334, 1366-68 (Ala. 1995) (Houston, J., dissenting), cert. denied, 517 U.S. 1220,116 S.Ct. 1849, 134 L.Ed.2d 950 (1996); Ex parte Jackson, 672 So.2d 810,811-13 (Ala. 1995) (Houston, J, concurring in the result), cert. denied, 517 U.S. 1247, 116 S.Ct. 2505, 135 L.Ed.2d 195 (1996).