A jury convicted Albert Mack III of the offense of murder during the course of a robbery, made capital by § 13A-5-40(a)(2), Ala. Code 1975. The jury, by a vote of ten to two, recommended that Mack be punished by death. The trial court accepted the jury's recommendation and sentenced Mack to death. The Court of Criminal Appeals affirmed Mack's conviction and sentence. Mack v. State, [Ms. CR-95-1226, April 3, 1998] ___ So.2d ___ (Ala.Crim.App. 1998). This Court granted certiorari review and heard the matter on oral argument. We affirm.
The facts of the case, as stated by the Court of Criminal Appeals, are as follows:
 "On the night of July 12, 1993, Patrick Cory Holman's body was found inside the trunk of a partially burned 1974 Oldsmobile Cutlass automobile. The Cutlass was parked on the side of Sanders Ferry Road near the entrance to the Royal Pines subdivision, a suburban neighborhood near Tuscaloosa. He had been killed instantly by a gunshot to the back of his head; his body had been placed in the trunk; and the automobile had been set on fire."
___ So.2d at ___. The Court of Criminal Appeals wrote:
 "Mack does not dispute that he intentionally shot Holman in the back of the head or that the shot killed him. He denies that the shooting occurred during the course of a robbery. Mack's theory of defense is that when he shot Holman, he believed that Holman and Holman's cousin, Carlos Green, intended to kill Mack and/or his friend Roy Craig, Jr.,[*] because Craig had sold Holman approximately $500 worth of `bad dope.' Mack was as friend of both Craig and Holman and had facilitated the drug transaction *Page 682 
between Craig and Holman by introducing Holman to Craig.
 [*]"Craig was indicted for capital murder. Based on Mack's confession, which was introduced as evidence at Craig's trial, the indictment in Craig's case was amended to charge felony murder. Craig was acquitted of felony murder."
___ So.2d at ___.
Mack raises in his certiorari petition the same seven issues he raised before the Court of Criminal Appeals. The opinion of the Court of Criminal Appeals provides a thorough treatment of the facts of this case and of each issue raised by Mack in his petition.
Because this case involves the death penalty, this Court is obliged under Rule 45A, Ala.R.App.P., to review the record for any "error that has or probably has adversely affected the substantial right" of the defendant:
 "Our review of a death penalty case requires us to address any plain error or defect found in the proceeding under review, even if the error was not brought to the attention of the trial court. Rule 39(k), Ala.R.App.P. `"`Plain error' only arises if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings."' Ex parte Womack, 435 So.2d 766, 769 [(Ala. 1983)], cert. denied, 464 U.S. 986, 104 S.Ct. 436, 78 L.Ed.2d 367
(1983), quoting United States v. Chaney, 662 F.2d 1148, 1152 (5th Cir. 1981). This Court will take appropriate action when the error `has or probably has' substantially prejudiced the defendant. Rule 39(k), Ala.R.App.P."
Ex parte Jackson, 672 So.2d 810, 811 (Ala. 1995), cert. denied,517 U.S. 1247 (1996). We have reviewed the proceedings for plain error and have found none.
As required by Ala. Code 1975, § 13A-5-53, we have "review[ed] the propriety of the death sentence" in this case. This review convinces us 1) that the sentence imposed upon Mack was not "imposed under the influence of passion, prejudice, or any other arbitrary factor"; 2) that "an independent weighing of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence"; and 3) that Mack's sentence of death is not "excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." § 13A-5-53(b)(1), (2), and (3). See Ex parte Brooks, 695 So.2d 184 (Ala. 1997), cert. denied, ___ U.S. ___,118 S.Ct. 233, 139 L.Ed.2d 164 (1997).
Having considered the record, together with the petition and the briefs and arguments of counsel, this Court concludes that the judgment of the Court of Criminal Appeals must be affirmed. Ex parte Jackson, 672 So.2d 810, 811 (Ala. 1995), cert. denied,517 U.S. 1247 (1996); Ex parte Coral, 628 So.2d 1004 (Ala. 1993), cert. denied, 511 U.S. 1012 (1994).
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Kennedy, Cook, See, Lyons, and Johnstone, JJ., concur.
Brown, J., recuses herself.