COBB, J.,
concurring in part and dissenting in part.
In an unpublished memorandum, the majority affirms Shandon Terrell Dozier’s conviction for unlawful possession of a controlled substance. The majority is correct in its resolution of the issues whether the motion in limine seeking to prohibit the prosecution’s use of Dozier’s prior convictions should have been granted and whether the evidence was sufficient to convict Dozier of possession of a controlled substance. However, the majority fails to recognize the merit of Dozier’s Batson[1] argument. It is from that portion of the memorandum that I respectfully dissent.
The record reflects that the prosecution used its peremptory strikes to remove three of six African-Americans from the jury. In making his Batson motion, Dozier noted that two of the struck African-American veniremembers seemed to recognize him or his family. However, as to the third member struck, Dozier commented:
“Finally, number, I believe it was 149.... Judge, she really did not answer at all. She didn’t come up to the bench and she did not speak out in the audience.... [A]t this time, I feel like that one especially makes out a prima facie case that she was struck for the sole reason or sole purpose that she was African-American.”
(R. 32.) The trial judge agreed with Dozier, saying, “And I see the reasons for the first two. I really don’t know what the reason would be for the last one.” Nevertheless, he denied Dozier’s motion finding that Dozier had made no showing of a prima facie case of racial discrimination.
*1125 The majority, in affirming the trial court’s denial of the Batson motion, finds that the sole reason for Dozier’s Batson motion was the striking of the three jurors. From the record, I believe it is clear that Dozier was specifically claiming that the striking of an African-American juror who did not answer any questions on voir dire made a prima facie case of racial discrimination. I agree.
In Ex parte Branch, 526 So.2d 609 (Ala.1987), the Alabama Supreme Court discussed a number of relevant factors a defendant could submit in attempting to establish a prima facie case of racial discrimination. Those factors included the type and manner of the State’s questions and statements during voir dire and the type and manner of questions directed to the challenged juror, including a lack of meaningful questions. Drinkard v. State, [Ms. 95-0055, December 18, 1998] — So.2d -, (Ala.Cr.App.1998). In the past, we have held that the trial court erred in not finding a prima facie case of racial discrimination when a prosecutor exercised a peremptory strike against an African-American veniremember who had never answered a question during voir dire. Bishop v. State, 690 So.2d 498 (Ala.Cr.App.1995). I believe that in order to be consistent with our previous decisions concerning Batson, we should have reached a similar conclusion in this case.
I understand that the trial court, as well as the majority of this court, was concentrating on the lack of a pattern of racially discriminatory strikes by the prosecutor. It is inviting to view the prosecutor’s strikes in their entirety and to brush off one unexplainable strike out of three as innocuous. Yet the removal of even one prospective juror for a racially discriminatory reason is a violation of the equal protection rights of both the excluded juror and the party challenging the peremptory strike. Ex parte Jackson, 640 So.2d 1050 (Ala.1993).
With due deference to the trial court, I would find that its decision that there was no showing of a prima facie case of racial discrimination with regard to the State’s peremptory strike of juror 149 was clearly erroneous. Ex parte Branch, 526 So.2d at 625. I would remand the case to the trial court with instructions that an evidentiary hearing be held at which the State would be required to give a race-neutral reason for its strike of juror 149. For that reason, I must respectfully dissent from that part of the memorandum.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).