COBB, Judge,
concurring specially.
Although I concur with the majority opinion, I must write separately to address the issue raised in Part V of its opinion. I concur with the majority that juvenile adjudications and youthful offender adjudications are not convictions and cannot negate the statutory mitigating circumstance that the defendant has no significant history of prior criminal activity. Freeman v. State, 555 So.2d 196, 212 (Ala.Cr.App.1988), aff'd, 555 So.2d 215 (Ala.1989), cert. denied, 496 U.S. 912, 110 S.Ct. 2604, 110 L.Ed.2d 284 (1990). I also concur -with the majority’s conclusion that, because the trial court negated that statutory mitigating circumstance because of Carroll’s prior youthful offender adjudications, the case must be remanded for resentencing. However, I write separately to emphasize that juvenile adjudications and youthful offender adjudications may be used by the trial court in assessing what weight is to be accorded the statutory mitigating circumstances.
This court discussed this very issue in Burgess v. State, 811 So.2d 557, 606 (Ala.Cr.App.1998):
“[T]he courts of this state have never held that the trial court must entirely ignore a defendant’s juvenile adjudications in performing its ‘weighing’ duties. The trial court’s consideration of a defendant’s juvenile adjudications when conducting the weighing process offends neither general constitutional principles nor specific provisions of Alabama law. In fact, Alabama’s capital punishment statute contemplates that the trial court will have any prior juvenile record of the defendant before it when it is deciding upon the proper sentence: pursuant to § 13A-5-47, Ala.Code 1975, the trial court is required to consider the presen-tence report of a defendant convicted of capital murder, and Rule 26.3(b)(2), Ala. R.Crim.P., specifically provides for the inclusion of the defendant’s prior juvenile record in the presentence report.
“To hold that the trial court is prohibited from considering a defendant’s juvenile adjudications in its individualized assessment of the weight to assign to the statutory mitigating circumstance of ‘no significant history of prior criminal activity’ would obligate the trial court to assign precisely the same weight to this mitigating circumstance in every case where, such as here, a juvenile defendant is convicted of capital murder. Under this view of the capital sentencing scheme, two juveniles, both the same age and convicted of capital murder, one with no prior juvenile record and the other with a very significant prior juvenile record, would necessarily benefit equally from the statutory mitigating circumstance of ‘no significant history of prior criminal activity.’ This would amount to an endorsement of the sort of numerical ‘tallying’ disallowed by § 13A-5-48, Ala.Code 1975, and an ab *818 juration of the weighing function mandated by § 13A-5-47(e), Ala.Code 1975.”
In accordance with our holding in Burgess, I remind the trial court that it may, consistent with Alabama law, deem Carroll’s juvenile and youthful offender adjudications to be a relevant consideration in its assessment of the weight to assign to the statutory mitigating circumstances of Carroll’s lack of a significant criminal history and of Carroll’s age at the time of the offense.

On Return to Remand

LONG, Presiding Judge.
On August 27, 1999, we remanded this cause, in which the death penalty was imposed, to the trial court for resentencing. We directed that court to make new findings as to the aggravating and mitigating circumstances and to reevaluate Carroll’s sentence in light of our opinion. Specifically, we found that the trial court had erred in using Carroll’s prior youthful offender adjudications to negate the existence of the statutory mitigating circumstance of “no significant history of prior criminal activity.” On September 29, 1999, the trial court, on its return to our remand order, submitted an amended sentencing order that satisfies the statutory requirements, specifically finding that the statutory mitigating circumstance of “no significant history of prior criminal activity” existed in Carroll’s case. The trial court then reweighed the aggravating and mitigating circumstances and again overrode the jury’s recommendation of life imprisonment without parole and sentenced Carroll to death.
In our opinion remanding the case to the trial court for resentencing, we addressed the issues raised by Carroll regarding the guilt phase of his trial and reviewed the record of the guilt phase for plain error; we found no error, plain or otherwise, and affirmed Carroll’s conviction for capital murder. However, we pretermitted discussion of those issues relating to Carroll’s death sentence. Now, having the trial court’s amended sentencing order before us, we will address those issues Carroll raised concerning his death sentence. We will also review the death sentence in accordance with the requirements of § 13A-5-53, Ala.Code 1975, and we will review the record of the sentencing phase of Carroll’s trial for plain error, as required by Rule 45A, Ala.R.App.P.
I.
Carroll contends that the trial court erred in overriding the jury’s recommendation of life imprisonment without parole because, he says, “the trial court should not be allowed to cast aside the recommendation of the jury.” (Issue VI in Carroll’s brief to this court.) Carroll concedes that state and federal caselaw does not support his position, but nevertheless urges this court to reexamine this issue. We are unpersuaded by Carroll’s argument. The United States Supreme Court has upheld the validity of the judicial override of advisory jury verdicts. See Harris v. Alabama, 513 U.S. 504, 115 S.Ct. 1031, 130 L.Ed.2d 1004 (1995); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); and Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). See also Jackson v. State, 836 So.2d 915 (1999); Roberts v. State, 735 So.2d 1244 (Ala.Cr.App.1997); Knotts v. State, 686 So.2d 431 (Ala.Cr.App.1995), on return to remand, 686 So.2d 484 (Ala.Cr.App.1995), aff'd, 686 So.2d 486 (Ala.1996), cert. denied, 520 U.S. 1199, 117 S.Ct. 1559, 137 L.Ed.2d 706 (1997); Bush v. State, 695 So.2d 70 (Ala.Cr.App.1995), aff'd, 695 So.2d 138 (Ala.), cert. denied, 522 U.S. 969, 118 S.Ct. 418, 139 L.Ed.2d 320 (1997); Coral v. State, 628 So.2d 988 (Ala.Cr.App.1992), aff'd, 628 So.2d 1004 (Ala.1993), *819 cert. denied, 511 U.S. 1012, 114 S.Ct. 1387, 128 L.Ed.2d 61 (1994); and McMillian v. State, 594 So.2d 1253 (Ala.Cr.App.1991), remanded on other grounds, 594 So.2d 1288 (Ala.1992). Accordingly, we find no merit to Carroll’s claim.
II.
Carroll also contends that the death sentence constitutes cruel and unusual punishment in his case because, he says, the State failed to prove that he intended to kill the victim. (Issue VII in Carroll’s brief to this court.) Therefore, he claims that his conviction and sentence should be reversed. Because the substance of this claim has already been decided adversely to Carroll — we held in our original opinion affirming Carroll’s capital murder conviction that there was sufficient evidence of Carroll’s intent to kill the victim — we turn now to the propriety of Carroll’s death sentence.
In accordance with Rule 45A, Ala.R.App. P., we have examined the record for any plain error with respect to Carroll’s capital murder conviction and his death sentence, whether or not brought to our attention or to the attention of the trial court. As we stated above, in our original opinion we found no plain error or defect in the guilt phase proceedings and we affirmed Carroll’s capital murder conviction. Likewise, we now find no plain error or defect in the sentencing phase proceedings of Carroll’s trial.
We have also reviewed Carroll’s sentence in accordance with § 13A-5-53, Ala. Code 1975, which requires that, in addition to reviewing the case for any error involving Carroll’s capital murder conviction, we shall also review the propriety of the death sentence. This review shall include our determination of the following: (1) whether any error adversely affecting Carroll’s rights occurred in the sentence proceedings; (2) whether the trial court’s findings concerning the aggravating and mitigating circumstances were supported by the evidence; and (3) whether death is the appropriate sentence in the case. Section 13A-5 — 53(b) requires that, in determining whether death is the proper sentence, we determine: (1) whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor; (2) whether an independent weighing by this court of the aggravating and mitigating circumstances indicates that death is the proper sentence; and (3) whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and Carroll.
After the jury convicted Carroll of the capital offense charged in the indictment, a separate sentencing hearing was held before the jury in accordance with §§ 13A-5-45 and -46, Ala.Code 1975. The jury recommended a sentence of life imprisonment without the possibility of parole by a vote of 10-2. Thereafter, the trial court held another hearing, in accordance with § 13A-6-47, Ala. Code 1975, to aid it in determining whether it would sentence Carroll to death or to life imprisonment without parole as recommended by the jury. Upon conclusion of the hearing, the trial court entered specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, Ala.Code 1975, each mitigating circumstance enumerated in § 13A-5-51, Ala.Code 1975, and any mitigating circumstances found to exist under § 13A-5-52, Ala.Code 1975. The trial court’s written findings also summarized the offense and Carroll’s participation in it.
In its amended order, the trial court found the existence of one statutory aggravating circumstance: that the murder was committed while Carroll was engaged in *820 the commission of a robbery, see § 13A-5-49(4), Ala.Code 1975. The trial court found the existence of two statutory mitigating circumstances: (1) that Carroll was 17 years old at the time of the offense, see § 13A-5-5K7), Ala.Code 1975; and (2) that Carroll had no significant history of prior criminal activity, see § 13A-5-51(l), Ala.Code 1975. Although the trial court found that the mitigating circumstance of “no significant history of prior criminal activity” existed, it stated in its amended order that it considered Carroll’s prior juvenile adjudications in assessing the weight it would afford that mitigating circumstance. Pursuant to § 13A-5-52, Ala. Code 1975, the trial court heard testimony from Carroll’s grandmother regarding his character and background, and found that the following evidence constituted nonstat-utory mitigation: (1) evidence of Carroll’s family background; and (2) evidence that Carroll’s grandmother loved him and did not want him put to death. In addition, the trial court considered the jury’s recommendation of life imprisonment without parole as a nonstatutory mitigating factor.
The trial court’s sentencing order reflects that after considering all the evidence presented, the arguments of counsel, the presentence report, and the advisory verdict of the jury and after weighing the aggravating circumstance against the statutory and nonstatutory mitigating circumstances, the trial court found that the aggravating circumstance outweighed the mitigating circumstances. The trial court’s findings concerning the aggravating circumstances and the mitigating circumstances are supported by the evidence.
Carroll was convicted of the offense of murder committed during the course of a robbery. This offense is defined by statute as a capital offense. See § 13A-5-40(a)(2), Ala.Code 1975. We take judicial notice that similar crimes have been punished capitally throughout the state. See, e.g., Burgess v. State, 811 So.2d 557 (Ala.Cr.App.1998); Clemons v. State, 720 So.2d 961 (Ala.Cr.App.1996), aff'd, 720 So.2d 985 (Ala.1998), cert. denied, 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 906 (1999); Williams v. State, 710 So.2d 1276 (Ala.Cr.App.1996), aff'd, 710 So.2d 1350 (Ala.), cert. denied, 524 U.S. 929, 118 S.Ct. 2325, 141 L.Ed.2d 699 (1998); Kuenzel v. State, 577 So.2d 474 (Ala.Cr.App.1990), aff'd, 577 So.2d 531 (Ala.), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991); Brownlee v. State, 545 So.2d 151 (Ala.Cr.App.1988), aff'd, 545 So.2d 166 (Ala.), cert. denied, 493 U.S. 874, 110 S.Ct. 208, 107 L.Ed.2d 161 (1989); Hallford v. State, 548 So.2d 526 (Ala.Cr.App.1988), aff'd, 548 So.2d 547 (Ala.), cert. denied, 493 U.S. 945, 110 S.Ct. 354, 107 L.Ed.2d 342 (1989); Davis v. State, 536 So.2d 110 (Ala.Cr.App.1987), aff'd, 536 So.2d 118 (Ala.1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1766, 104 L.Ed.2d 201 (1989); and Cochran v. State, 500 So.2d 1161 (Ala.Cr.App.1984), aff'd in part, rev’d in part, 500 So.2d 1179 (Ala.1985), aff'd on return to remand, 500 So.2d 1188 (Ala.Cr.App.), aff'd, 500 So.2d 1064 (Ala.1986), cert. denied, 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 537 (1987).
After carefully reviewing the record of the guilt phase and the sentencing phase of Carroll’s trial, we find no evidence that the sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor. We conclude that the findings and conclusions of the trial court are supported by the evidence. We have independently weighed the aggravating circumstance against the statutory and nonstatutory mitigating circumstances, and we concur in the trial court’s judgment that death is the appropriate sentence in this case. Considering the crime committed by Carroll, we find that the sentence of death is neither excessive *821 nor disproportionate to the penalty imposed in similar cases.
Carroll’s sentence of death is affirmed.
AFFIRMED AS TO SENTENCE.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.